UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANN ZARCZYNSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>FINANCIAL RECOVERY SERVICES INC and LVNV FUNDING LLC,<br><br>Defendants. | Case No.: 19-cv-1893<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed collection efforts into the District.

## PARTIES

3. Plaintiff Ann Zarczynski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family, or household purposes.

5. Defendant Financial Recovery Services, Inc. ("FRS") is a foreign corporation with its principal offices located at 4510 West 77th Street, Suite, 200, Edina, Minnesota 55435.

6. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others and incurred for personal, family, or household purposes.

7. FRS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. FRS is licensed as a "Collection Agency" by the State of Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

9. FRS is a "debt collector" as defined by 15 U.S.C. § 1692a.

10. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company with its principal place of business located at 15 South Main St., Greenville, South Carolina 29601.

11. LVNV is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time LVNV acquires them.

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has

2

purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at \*6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at \*7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at \*7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at \*13-15 (N.D. Ill Mar. 27, 2018); *Hordgev. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at \*12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at \*13-18 (E.D.N.Y. Aug. 15, 2018).

14. The primary purpose of LVNV's business, and LVNV's principal purpose, is the collection of consumer debts. LVNV's website states:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency.

http://www.lvnvfunding.com/.

15. LVNV is a debt collector as defined in 15 U.S.C. § 1692a.

16. A company meeting the definition of a "debt collector" (here, LVNV) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf).

## **FACTS**

17. On or about July 5, 2019, FRS mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

3

18. Upon information and belief, the alleged debt referenced by Exhibit A was incurred for personal, family, or household purposes.

19. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

20. Upon information and belief, Exhibit A is a form debt collection letter used to attempt to collect alleged debts.

21. Upon information and belief, Exhibit A was the first letter Defendants mailed to Plaintiff regarding this alleged debt.

22. Exhibit A includes the following notice which largely reflects the disclosures required by 15 U.S.C. § 1692g(a):

> Please be advised that LVNV FUNDING LLC the current creditor-debt purchaser has purchased the account referenced above and it has placed it with our office for collection. The account listed above has been assigned to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you the name and address of the original creditor, if different from the current creditor. The account resolution opportunities listed below do not affect your rights described in this paragraph.

23. The header in Exhibit A includes the following:

> CURRENT CREDITOR: LVNV FUNDING LLC
> ORIGINAL CREDITOR: CROSS RIVER BANK
> REGARDING: MARLETTE FUNDING, LLC
> ACCOUNT NUMBER: XXXX3956
> DATE OF LAST PAYMENT: 03/07/18
> CHARGE-OFF DATE: 11/30/18
> DATE FIRST DELINQUENT: 02/08/18
>
> TOTAL BALANCE DUE: $3465.75
> FRS FILE NUMBER: ▇
> ON-LINE PIN NUMBER: ▇4397

24. Exhibit A contains confusing and misleading representations regarding the name of the creditor to whom the debt is owed and the chain of title by which the debt has come to be owed to the creditor to whom it is currently owed.

25. Exhibit A states that it is being sent on behalf of "LVNV FUNDING LLC" but also states that it is being send "REGARDING: MARLETTE FUNDING, LLC."

4

26. The ambiguous reference to "MARLETTE FUNDING, LLC" suggests that there may be more than one creditor to whom the debt is owed. *See, e.g., Braatz v. Leading Edge Recovery Solutions, LLC*, 2011 U.S. Dist. LEXIS 123118, at *3 (N.D. Ill. Oct. 20, 2011) (the "unsophisticated consumer might just as reasonably conclude that what she believed to be a single debt was now owed to two separate companies [the "creditor" and the "original creditor"]."); *Taylor v. Alltran Fin., LP*, No. 18-cv-306, 2018 U.S. Dist. LEXIS 159862, at *7-11 (S.D. Ind. Sept. 19, 2018) (discussing *Braatz*).

27. A debt collector states the name of creditor in a confusing manner if a dunning letter suggests that the debt may be owed to more than one entity. *See, e.g., Dewees*, 506 F. Supp. 2d at 132-33 (statement that "The debt identified was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office" did not clearly disclose the identity of the creditor); *Walls*, 2012 U.S. Dist. LEXIS 68079, at *5-6 (stating an entity was the "Current Owner" of the debt did not identify the creditor clearly where the letter implied another entity could be the creditor); *Deschaine v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013) ("Naming an entity as 'Client' and a different entity as 'Current Creditor' especially where the 'Client' is named more often than the 'Current Creditor' plausibly could create confusion . . ."); *Aribal v. GMAC Mortg.*, 2013 U.S. Dist. LEXIS 105355, at *12-13 (N.D. Ill. July 29, 2013) ("although it identifies Partners as a creditor[,] the language suggests that another entity, namely, the recorded holder of the security deed, may also be a potential creditor."); *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3 (letter identifying LVNV as "creditor," but attempting to collect consumer's "delinquent CITIBANK account" did not disclose name of creditor because the "unsophisticated consumer might just as reasonably conclude that what she believed to be a single debt was now owed to separate companies …

5

[which] might cause an unsophisticated consumer to be concerned about the possibility she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt."); *Pardo v. Allied Interstate, LLC*, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015) ("the inclusion of two entities who are willing to accept payment on the debt might lead an unsophisticated consumer to conclude that his debt was now owed to two separate companies…."); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *9 ("Almost immediately after identifying LVNV as the 'Current Creditor,' the letter contradicts this by explaining that Alltran 'has been contracted' to collect on a judgment for Mr. Taylor's Springleaf account. An unsophisticated consumer receiving this information may well be confused or concerned that two separate companies (LVNV and Springleaf) may be seeking to collect on a single debt.") (citing *Braatz*, 2011 U.S. Dist. LEXIS 123118); *Wong v. Phelan Hallinan & Diamond, PC*, 2015 U.S. Dist. LEXIS 82986, at *14-16 (D.N.J. June 25, 2015) (plaintiff stated FDCPA claims where collection letter incorrectly identified loan servicer as creditor to whom the debt was owed); *Brinkmeier v. Round Two Recovery, LLC*, 2016 U.S. Dist. LEXIS 97664, at *14-16 (E.D.N.Y. July 25, 2016) (debt collection letter that identified one entity as the "Creditor" and another entity as "the legal owner" was confusing and misleading as to the name of the creditor).

28. As the Northern District of Illinois recently explained:

> Debt collectors have puzzled debtors with a variety of confusing terms in purporting to identify the current creditor. For example, some letters make confusing references to multiple non-creditor entities, rather than simply identifying the original creditor and the current creditor. Other letters use words that are ambiguous in reporting who is the *current* creditor. And still others state the name of the current creditor somewhere in the letter—but *without saying that the creditor owns the debt*.

6

*Zuniga v. Asset Recovery Solutions*, No. 17-cv-05119, 2018 U.S. Dist. LEXIS 51063, at *8 (N.D. Ill. Mar. 28, 2018) (citations omitted, emphasis added); *see also Dokes v. Ltd. Fin. Servs. L.P.*, 328 F. Supp. 3d 1270, 1278-80 (N.D. Al. 2018) (adopting *Zuniga*).

29. As discussed in *Zuniga*, the unsophisticated consumer would not know whether "Marlette Funding, LLC" was a creditor of the debt.

30. Upon receiving Exhibit A, the unsophisticated consumer would not know whether Defendant was acting on behalf of both LVNV and Marlette Funding, LLC.

31. Consumer fraud is rampart in the debt buying industry, where even legitimate debts may lead to fraud because they may be sold to more than one purchaser at a time:

> Americans are currently late on more than $600 billion in bills, according to Federal Reserve research, and almost one person in 10 has a debt in collectors' hands. The agencies recoup what they can and sell the rest down-market, so that iffier and iffier debt is bought by shadier and shadier individuals. Deception is common. Scammers often sell the same portfolios of debt, called "paper," to several collection agencies at once, so a legitimate IOU gains illegitimate clones.

https://www.bloomberg.com/news/features/2017-12-06/millions-are-hounded-for-debt-they-don-t-owe-one-victim-fought-back-with-a-vengeance; *see also FTC v. Swatsworth*, 17-cv-340-GCM, 2018 U.S. Dist. LEXIS 142696, at *17 (W.D.N.C. Aug. 22, 2018).

32. The confusing and misleading impressions are material to the consumer because the unsophisticated consumer would be concerned about the possibility of having to pay the same debt twice. *Janetos*, 825 F.3d at 324-25.

33. Plaintiff was misled and confused by Exhibit A.

34. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*,

7

2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l& Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional

8

provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(2) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692g(a)(2) requires that, within five days of the initial communication with a consumer, debt collectors provide written notice containing "the name of the creditor to whom the debt is owed."

## COUNT I – FDCPA

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42. Exhibit A does not clearly identify the name of the current creditor to whom the debt is owed.

43. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent adebt collection letter in the form of Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between December 27, 2018 and December 27, 2019, inclusive, (e) that was not returned by the postal service.

45. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

46. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

47. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 27, 2019

                                            **ADEMI & O'REILLY, LLP**

                By:   /s/ Mark A. Eldridge
                      John D. Blythin (SBN 1046105)
                      Mark A. Eldridge (SBN 1089944)
                      Jesse Fructher (SBN 1097673)
                      Ben J. Slatky (SBN 1106892)
                      3620 East Layton Avenue

Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

12